168 407<br>168 413

First National Bank of Jamestown, New York, v. Anna B. Scofield and Carl W. Scofield, Defendants, Tidal Oil Co., Terre Tenant, Oscar E. Madden, Receiver of Tidal Oil Company, Terre Tenant, Appellants.

*Mortgage—Affidavit of defense.*

On a scire facias sur mortgage against a married woman, the affidavit of defense averred that the mortgage had been given by her under an agreement with plaintiff: (1) That her liability was to be only that of a guarantor of her husband upon certain notes held by the plaintiff on which her husband was an indorser; (2) that her liability upon the notes and the mortgage in question was to be a mere contingent and conditional one; (3) that certain notes, mortgages and other securities, pledged to the plaintiff bank by her, were to be first collected by it, and applied to the payment of her husband's debt to it; (4) that only in case of a deficiency after enforcing the collection of these notes and other securities was there to be a resort to the mortgage in controversy; (5) that other conditions upon which alone the plaintiff had a right to proceed upon this mortgage had not been performed by it; (6) that the contingency upon which she was to pay her husband's debt had not happened; (7) that the plaintiff had converted certain notes and securities to its own use, and transferred them to another party; (8) that it had taken a conveyance of one of the properties upon which she had a mortgage which had been assigned to plaintiff among the securities transferred to it, and that this property was worth more than the amount of her husband's debt to plaintiff, and it had taken the oil therefrom and not accounted for it. *Held*, that the affidavit of defense was sufficient to prevent judgment.

Argued May 9, 1895. Appeals, No. 391, Jan. T., 1895, and No. 28, July T., 1895, by defendants and the terre tenant, from order of C. P. McKean Co., Oct. T., 1894, No. 176, making absolute a rule for judgment for want of a sufficient affidavit of defense. Before STERRETT, C. J., GREEN, WILLIAMS, MC-COLLUM and FELL, JJ. Reversed.

Scire facias sur mortgage.

Carl W. Scofield filed an affidavit of defense in which he averred:

" 1. That he is a resident of the city of New York and one of the defendants in this action, and that Anna B. Scofield, the other defendant, is his wife ; that the terre tenant is the Tidal Oil Company, a corporation existing under the laws of the state of West Virginia.

" 2. That this is an action brought in the court of common pleas of McKean county, Pennsylvania, to foreclose à certain mortgage, dated on or about the 13th day of November, 1891, and that the facts connected with the execution and delivery of the said mortgage are as follows :

" On or about the 16th day of September, 1891, the deponent then being liable as an indorser upon certain negotiable promissory notes discounted by the plaintiff for deponent and being at the said time financially embarrassed, Anna B. Scofield, co-defendant herein, at his request and at the request of the plaintiff, entered into a certain contract in writing with the plaintiff, whereby she, the said Anna B. Scofield, undertook, promised and agreed to keep and save the plaintiff, its successor and assigns, free and harmless by reason of any notes or bills receivable held by it for value, upon which the name of the deponent appeared as indorser, or which the plaintiff had discounted for the deponent, and whereby she further guaranteed the payment of such notes or bills receivable held for value by the plaintiff, a copy of which agreement is hereto attached and made part of this affidavit; that, for the purpose of securing the said indebtedness of deponent, she thereby pledged to the plaintiff herein certain promissory notes or bills receivable made by the following named persons, to wit:

| | |
|---|---:|
| F. E. Wood | $ 62,491.25 |
| S. B. Miller | 5,000 |
| W. H. Pickett & Co. | 5,000 |
| Allen, Coyle & Co. | 12,416.34 |
| H. E. Brown | 18,416.61 |
| A. R. Blood | 11,050 |
| J. A. Waterhouse | 4,062.50 |
| Total | $118,436.70 |

together with certain mortgages given to secure the said several notes respectively, and that only for the purposes aforesaid did the said Anna B. Scofield deliver to the plaintiff possession of the said notes or bills receivable and the said mortgages given to secure the same.

" 3. That the plaintiff, among other things, agreed in the said contract that the defendant, Anna B. Scofield, should continue to conduct and carry on her business in a regular way, that she was at that time engaged in the business of oil producing and was the owner of certain oil properties, among them the Bordell farm, so called, described in the mortgage sought to be foreclosed herein; that thereafter, and upon the said 16th day of September, 1891, the said Anna B. Scofield made, executed and delivered another certain mortgage upon the said property, which this deponent thereafter, to wit, upon the 18th day of September, 1891, caused to be recorded in the county of Mc-Kean; that, at the said time, and for several weeks previous thereto, both the deponent and the said Anna B. Scofield were ill and in a highly nervous state and altogether unfit to attend to their business, and that, on or about the 20th day of September, 1891, deponent left Jamestown, in the state of New York, and proceeded to Ocean Grove, in the state of New Jersey, for rest and recuperation.

" 4. That, during the month of September, 1891, and for many years prior thereto, one Arthur C. Wade, Esq., of the law firm of Cook, Fisher & Wade, Esqrs., of Jamestown, New York, was and had been deponent's confidential and legal adviser and had the full confidence of the deponent; that during the same time, and also during the times hereinafter mentioned, the said Arthur C. Wade was the legal adviser of the said Anna B. Scofield; that, on or about the 13th day of November, 1891, the deponent and the defendant, Anna B. Scofield, being at that time out of health and both suffering from severe attacks of nervous prostration and being entirely unfitted and incapacitated from attending to business of any kind, met the said Arthur C. Wade, at his request, at the Aberdeen Hotel, in the city of New York; that at that meeting the said Arthur C. Wade stated to the deponent and the said Anna B. Scofield that the mortgage executed on the 16th day of September, 1891, hereinbefore referred to, upon the Bordell property, by the de-

fendant, Anna B. Scofield, was void and of no effect.; that deponent's creditors were liable at any time to successfully attack it; that the plaintiff did not wish or desire any further security, yet, for the purpose of protecting the property of the said Anna B. Scofield and her equity therein, he, the said Arthur C. Wade, as her legal adviser, and as the legal adviser of the deponent, advised him and her to execute and deliver, on the said 13th day of November, 1891, the mortgage upon which this action is brought, and that the deponent and the defendant, Anna B. Scofield, relied upon and believed the said statements.

"5. That at the time the said Arthur C. Wade, being also and at the same time the agent and attorney of the plaintiff herein, agreed, on behalf of the said plaintiff, that the plaintiff would hold the said mortgage solely for the protection of the said Anna B. Scofield; that thereupon, and relying upon the representations and statements of the said Arthur C. Wade, and with a full confidence in his integrity and honesty, and for the reasons and purposes hereinbefore set forth, and not otherwise, and without any consideration whatsoever in money or moneys worth moving from the plaintiff to this deponent, or to the said Anna B. Scofield, this deponent and the said Anna B. Scofield executed and delivered to the said Arthur C. Wade, as agent for the plaintiff herein, the mortgage upon which this action is brought, in the form and manner in which the said mortgage had theretofore been prepared by the said Arthur C. Wade and at that meeting submitted to the deponent and the said Anna B. Scofield for execution.

"6. That the property covered by the said mortgage was part of the property used and occupied by the said Anna B. Scofield in her business as an oil producer, and that it was not within the contemplation of any of the parties that the plaintiff should have any remedy whatsoever against this property or any other of the oil properties of the said Anna B. Scofield without first exhausting the securities deposited as aforesaid with the plaintiff under the contract hereinbefore referred to; that the plaintiff was and is bound to collect such bills receivable and to apply the proceeds thereof to the liquidation of whatsoever claims they may have against the deponent before they proceed against the property covered by the mortgage herein, but

that the plaintiff has hitherto failed and neglected so to collect the said bills receivable and to apply the proceeds thereof as aforesaid, as in equity and good conscience it ought to do.

" 7. That among the said bills receivable so as aforesaid transferred by the said Anna B. Scofield to the plaintiff is a certain line of notes as aforesaid, made by one F. E. Wood, for $62,491.25, secured by a mortgage upon certain property situated in Allegheny county, New York, consisting of about six hundred acres of fee and leasehold oil lands, containing ninety producing oil wells, more or less, and that this property is worth more than the whole of the deponent's liability to the plaintiff; that the said property has heretofore, and before the commencement of this action, come into the possession of the plaintiff herein, and is now in the possession or under the control of it or its agents ; that the said property is worth more than the deponent's liability to the plaintiff upon all paper discounted by the plaintiff for the deponent, and, as deponent is informed and verily believes, is available to be applied to the payment thereof and can readily be sold for an amount at least equal to such indebtedness.

" 8. This defense is made in behalf of the said Tidal Oil Company, the terre tenant, as well as in the behalf of the defendants named in the writ of scire facias, deponent being a stockholder and director therein."

In a supplemental affidavit of defense C. W. Scofield avers :

" That the notes and securities transferred by the above named Anna B. Scofield to the above named First National Bank, of Jamestown, N. Y., as set forth in the agreement of Sept. 16, 1891, a copy of which is filed with the original affidavit of defense in this case, and made a part thereof, were, as deponent is informed and believes, and expects to be able to prove on the trial of this case, transferred by the said First National Bank of Jamestown, N. Y., to the Fredonia National Bank of Fredonia, N. Y., at a date prior to the bringing of this suit, and up to the time of bringing this action neither of said banks had proceeded to collect, nor to enforce the collection of any of said securities ; that the possession of the Allegheny county properties mentioned in said original affidavit of defense was surrendered by F. E. Wood, the then owner, to the said plaintiff for the express purpose of avoiding foreclosure proceedings

under the mortgage, securing the notes mentioned in the said agreement of Sept. 16, 1891, and the proceeds of the oil therefrom is not applied to the payment of the indebtedness of the said Wood on his said notes, nor to liquidate the indebtedness of deponent to the said First National Bank, of Jamestown, N. Y., by either of said banks as deponent is informed and believes, and expects to be able to prove on the trial of this case; that the series of notes sought to be foreclosed, signed by J. A. Waterhouse, were indorsed by deponent and discounted by the said plaintiff before the making of the agreement of Sept. 16, 1891, to wit, on or about the 6th day of August, 1891, and it was not contemplated by any of the parties to this suit that the giving of said mortgage by the said Anna B. Scofield and this deponent was in any wise to affect the terms of said agreement, nor was it to arrange that some other course should be pursued for the best interest of all concerned thereunder, but, on the contrary, it was expressly agreed between the said Anna B. Scofield, this deponent, and A. C. Wade, as attorney for the said plaintiff, that no other course than that prescribed in said agreement should be adopted for enforcing the payment and collection of the securities mentioned in said agreement, except as set forth therein, all of which deponent expects to be able to prove on the trial of this cause."

The court made absolute a rule for judgment for want of a sufficient affidavit of defense.

*Error assigned* was above order.

*Samuel T. Neill, R. & H. E. Brown* with him, for appellants.— The pledgee in these circumstances is liable to the pledgor for the face value of the securities pledged : Thayer v. Manley, 73 N. Y. 305 ; Booth v. Powers, 56 N. Y. 22. The duties and liabilities of a trustee are imposed upon the pledgee : Diller v. Brubaker, 52 Pa. 498 ; Torrey v. Bank, 9 Paige, 649 ; Persch v. Quiggle, 57 Pa. 247 ; act of May 22, 1722, 1 Sm. Laws, 138 ; Cadmus v. Jackson, 52 Pa. 295 ; Fraley v. Steinmetz, 22 Pa. 437 ; Mevey's App., 4 Pa. 80 ; Hosie v. Gray, 73 Pa. 502 ; Craig v. Parkis, 40 N. Y. 181 ; Newell v. Fowler, 23 Barb. 628 ; Moiser v. Waful, 56 Barb. 80 ; Taylor v. Bullen, 6 Cow. 624 ; White v. Case, 13 Wend. 543 ; Mizner v. Spier, 96 Pa.

533; Seiple's App., 11 W. N. C. 392; Twitchell v. McMurtrie, 77 Pa. 383; Lippincott v. Whitman, 83 Pa. 244; Greenawalt v. Kohne, 85 Pa. 369.

*Samuel Grumbine,* for appellee, cited: Comly v. Bryan, 5 Whart. 261; Marsh v. Marshall, 53 Pa. 396; Peck v. Jones, 70 Pa. 83; Class v. Kingsley, 142 Pa. 636; Endlich on Affs. of Def. sec. 363; Erie v. Butler, 120 Pa. 374; Martin v. Berens, 67 Pa. 459; Reilly v. Daly, 159 Pa. 605.

### MADDEN'S APPEAL.

OPINION BY MR. CHIEF JUSTICE STERRETT, May 20, 1895:

Our consideration of the affidavits of defense relied on in this case has led us to a different conclusion from that reached by the learned judge of the common pleas. While some of the averments contained therein are not as clear and specific as they might have been, we think that, considered as a whole, the affidavits fairly and with sufficient clearness present a state of facts which entitles the defendants to a trial by jury. For the purposes of this appeal, it must be assumed that they are prepared to introduce testimony tending, at least, to prove all their material averments. That being so, they should not be deprived of the opportunity of presenting their defense.

In view of the fact that the case goes back for trial, it is neither necessary, nor desirable to refer specifically to the allegations of fact upon which the defendants rely. They are sufficiently set forth in the affidavits; and, assuming them to be true, it is enough to say they are sufficient to carry the case to a jury. The assignments of error are sustained.

Judgment reversed and *procedendo* awarded.

### SCOFIELD'S APPEAL.

OPINION BY MR. CHIEF JUSTICE STERRETT, May 20, 1895:

This appeal, by defendants, Anna W. Scofield and her husband, is from same judgment as the Appeal of Oscar E. Madden, receiver, etc., No. 391 of January Term, 1895, in which an opinion, reversing the judgment, etc., has just been filed. Both appeals were argued together, and involve substantially the same question. For reasons, briefly stated in the opinion referred to, the judgment should be reversed not only as to the

terre tenant, represented by the receiver, etc., but also as to these appellants.

Judgment reversed and a procedendo awarded.